**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2000-22

LAQUANE CURRY,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted September 26, 2024 – Decided October 9, 2024

Before Judges Natali and Vinci.

On appeal from the New Jersey Department of Corrections.

LaQuane Curry, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Sookie Bae-Park, Assistant Attorney General, of counsel; Dorothy M. Rodriguez, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Laquane Curry, who is currently incarcerated in Northern State Prison, appeals from a final agency decision of the New Jersey Department of Corrections (Department) finding he committed prohibited act *002, assault of any person, in violation of N.J.A.C. 10A:4-4.1(1)(ii).  We affirm.

On January 25, 2023, while Curry was incarcerated in South Woods State Prison, Officer O. Flores observed an unknown substance being thrown from Curry's cell, number 2003, at another inmate, Manuel Rodriguez.  The substance hit Manuel, causing first-degree burns on the right side of his face, right eye, and right arm.  Officer Flores also saw another inmate, Martin Rodriguez, "attempt to throw an unknown substance from his cell[,]" number 2002, at Manuel, but it missed.[1]  Officer D. Smith reported he did not see the incident because he was walking in front of Manuel but observed that the food port of Curry's cell was open when Manuel was splashed.

On January 26, the disciplinary charge was served on Curry.  After an internal investigation, the matter was referred to a disciplinary hearing officer.  The Department also obtained a mental health evaluation to assess, among other issues, Curry's mental state at the time of the incident, his competency to

---

[1] Because Martin and Manuel share a common surname, we use their first names to distinguish between them.  By doing so, we intend no disrespect.

participate in the disciplinary hearing, and the effect any imposed penalty would have on his mental health.

On January 30, a hearing was conducted before a disciplinary hearing officer. Curry requested and was granted the assistance of counsel substitute and pleaded not guilty to the charge. Curry's counsel substitute asserted he was not involved in the incident and contended Martin threw the substance from his cell, number 2002, and Martin later "vouched for" Curry and stated Curry "had nothing to do with it." Curry testified and contended "the officer got [his] room confused." Curry also submitted a written statement asserting he heard Martin and Manuel talking before the incident and "heard [Manuel] say damn and he closed 2002 [f]ood port."

Curry called Manuel as a witness, but he refused to testify, stating "no comment." Curry did not call any other witnesses. He was offered the opportunity to cross-examine adverse witnesses but elected not to do so. Curry's counsel substitute signed the hearing report indicating it reflected accurately what took place at the hearing.

The hearing officer considered all the evidence presented at the hearing, including: Curry's testimony; counsel substitute's arguments; the disciplinary report; the preliminary incident report; the reports of Officers Flores and Smith;

Curry's written statement; and Curry's confidential mental health evaluation. After reviewing the evidence, the hearing officer found Curry guilty of the charged offense. He was sanctioned to 250 days in the restorative housing unit, loss of 120 days of commutation time, and loss of core privileges and recreational privileges for fifteen days.

Curry administratively appealed the hearing officer's decision. On January 31, 2023, the Department upheld the decision and sanctions imposed. Curry raises the following argument on appeal:

> POINT 1
>
> [APPELLANT] WAS DENIED HIS DUE PROCESS RIGHTS WHEN HE REQUESTED A STATEMENT FROM THE GUILTY PARTY OF THE OFFENSE.

"Our role in reviewing the decision of an administrative agency is limited." Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). "We defer to an agency decision and do not reverse unless it is arbitrary, capricious or unreasonable[,] or not supported by substantial credible evidence in the record." Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243, 259 (App. Div. 2010). "'Substantial evidence' means 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Figueroa, 414 N.J. Super. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)).

When reviewing a determination of the Department in a matter involving prisoner discipline, we engage in a "careful and principled consideration of the agency record and findings." Williams v. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000) (quoting Mayflower Sec. Co. v. Bureau of Sec. in Div. of Consumer Affs. of Dep't of Law & Pub. Safety, 64 N.J. 85, 93 (1973)). We consider not only whether there is substantial evidence that the inmate committed the prohibited act, but also whether, in making its decision, the Department followed regulations adopted to afford inmates procedural due process. See McDonald v. Pinchak, 139 N.J. 188, 194-96 (1995).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Jenkins v. Fauver, 108 N.J. 239, 248-49 (1987) (quoting Wolff v. McDonnell, 418 U.S. 539, 556 (1974)). An inmate's more limited procedural rights, initially set forth in Avant v. Clifford, 67 N.J. 496, 525-46 (1975), are codified in a comprehensive set of Department regulations. N.J.A.C. 10A:4-9.1 to -9.28.

Those rights include a right to a fair tribunal, N.J.A.C. 10A:4-9.15, a limited right to call witnesses and present documentary evidence, N.J.A.C. 10A:4-9.13, a limited right to confront and cross-examine adverse witnesses,

N.J.A.C. 10A:4-9.14, a right to a written statement of the evidence relied upon and the reasons for the sanctions imposed, N.J.A.C. 10A:4-9.24, and, in certain circumstances, the assistance of counsel-substitute, N.J.A.C. 10A:4-9.12. The regulations "strike the proper balance between the security concerns of the prison, the need for swift and fair discipline, and the due-process rights of the inmates." Williams, 330 N.J. Super. at 203 (citing McDonald, 139 N.J. at 202).

Applying these principles, we are satisfied there was substantial credible evidence in the record supporting the Department's findings. The hearing officer considered and found credible Officer Flores's report that he observed an unknown substance being thrown from Curry's cell and hitting Manuel. The hearing officer also considered Officer Smith's report that the food port of Curry's cell was open when Manuel was splashed. The hearing officer was not convinced by Curry's claim that he was not involved, or that Martin "vouched for" him and admitted he threw the substance at Manuel.

Curry's contention that he was denied due process because the hearing officer refused his request for a statement from the "individual who actually threw the object" lacks merit. The hearing report indicates Curry called only one witness, Manuel, who refused to testify or provide a written statement. He did not call any other witnesses. The hearing report also indicates Curry was

6

offered the opportunity to cross-examine any adverse witnesses but declined to do so. Curry's counsel substitute signed the hearing report indicating it reflected accurately what took place at the hearing.

We are satisfied Curry was afforded due process and the Department's determination was supported by sufficient credible evidence on the record as a whole and was not arbitrary, capricious, or unreasonable. R. 2:11-3(e)(1)(D). We do not perceive any basis to disturb the Department's decision.

To the extent we have not otherwise addressed Curry's arguments, it is because they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2000-22